COURT OF CRIMINAL APPEALS OF TEXAS
WR-83,560-01
EX PARTE
HAROLD LEE SINGLETON
VS.
THE STATE OF TEXAS

83,560-01

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 21 2015
Abel Acosta, Clerk

## APPLICANT'S ORIGINAL ANSWER

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The Applicant by and through himself acting in pro se files this, its original answer in the above writ number out of the 167TH Judicial District Court of Travis County, Texas in cause number 45061-A, request permission to file this Original Answer with the Court, and would show the following:

### I

The applicant filed his application for writ of habeas corpus, pursuant to Texas Code Criminal Procedure Article 11.07 (West Law 2013), on June 2, 2015 with the above trial court and District Attorney of Travis County.

The District Attorney did not file no States Original Answer or findings of fact conclusion of law with the trial court or applicant. The trial court did not conclude any findings of facts in this habeas corpus proceeding. The applicant was not notified of the States intention not to challenge any of applicants ground of errors. The applicant was blind sided when he received this Courts white card dated July 9, 2015 informing applicant the filing of his writ in this Court

The record in this habeas corpus proceeding having not been completed because the applicant requested an evidentiary hearing

to develope a record for this Court to review. The trial court did not conduct no hearings to develope a record for this Court to review concerning this habeas proceeding.

## II

The State having not challenge the factual allegations made in the instant application leaves no doubt that the claims the applicant present in his 11.07 writ of habeas corpus are true and leaves the State with no argument because on the face of applicant's 1107 it is clearly cognizable that the applicant's claims are true and must be settled by this Court.

## III

In the applicant's grounds of errors in his 11.07 application his allegations and facts that the State of Texas Board of Pardons and Paroles violated applicant's rights to a Revocation Hearing and sent applicant back to prison for no cause. Please see 1107 habeas corpus application grounds of errors.

It is impossible for the State Attorney to request this Court to deny applicant's claims. The writ of habeas corpus is design and the proper avenue to use when a person is held illegally and restrained against his liberty. The applicant presented legit facts that his Due Process Rights were violated by The Texas Board of Pardons and Paroles. The applicant request this Court to Order the Texas Board of Pardons and Paroles to immediately reinstate his parole. Please see Applicant's 11.07 writ application.

2

## IV

Service has been accomplish by sending a copy of this instrument to: Velva Price. Clerk, Travis County District Clerks Office, Travis County District Attorney, P.O. Box 1748, Austin, TX 78767.

Signed on 21st day of July, 2015.

Respectfully submitted,

Harold Lee Singleton

#234696 - Ramsey 1 Unit
1100 FM 655
Rosharon, TX 77583